J-S68033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK JAMES DURN, | : | |
| | : | |
| Appellant | : | No.  1883 MDA 2016 |

Appeal from the PCRA Order November 1, 2016,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0001732-2001,
CP-36-CR-0001738-2001

BEFORE:  LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED NOVEMBER 15, 2017**

Patrick James Durn (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On June 4, 2002, a jury found Appellant guilty of numerous charges related to his sexual abuse of minors.  On August 30, 2002, Appellant was sentenced to an aggregate term of 15 to 30 years of incarceration followed by five years of probation.[1]  This Court affirmed in part and vacated in part Appellant's judgment of sentence on his direct appeal *nunc pro tunc* on August

---

* Retired Senior Judge assigned to the Superior Court.

[1] His sentence included, *inter alia*, a mandatory-minimum sentence for each count of involuntary deviate sexual intercourse (IDSI) pursuant to 42 Pa.C.S. § 9718.

1, 2008, and on November 26, 2008, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Durn*, 959 A.2d 961 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 962 A.2d 1195 (Pa. 2008). On January 20, 2009, Appellant was re-sentenced in compliance with this Court's August 1, 2008 memorandum.

On August 14, 2015, Appellant filed *pro se* a PCRA petition arguing that his sentence, which included mandatory-minimum sentences pursuant to 42 Pa.C.S. § 9718, is illegal in light of the Supreme Court's decision in *Commonwealth v. Hopkins*, 117 A.2d 347 (Pa. 2015) (holding that 42 Pa.C.S. § 6317, which provided for mandatory-minimum sentences for drug offenses occurring near schools, is unconstitutional in its entirety). Appellant argued that the petition met the newly-discovered facts exception to the timeliness requirements of the PCRA, and that he filed it within 60 days of learning of *Hopkins*. *See* 42 Pa.C.S. § 9545(b)(1)(ii) and (b)(2).

On August 20, 2015, the PCRA court entered an order holding Appellant's PCRA petition in abeyance pending the outcome of the Supreme Court decision in *Commonwealth v. Wolfe,* 140 A.3d 651 (Pa. 2016). On June 20, 2016, our Supreme Court decided *Wolfe* and held that mandatory-minimum sentences under the provisions of section 9718 are unconstitutional pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

On August 2, 2016, the PCRA court appointed counsel on Appellant's behalf. In lieu of an amended petition, counsel filed with the PCRA court a

petition to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Specifically, counsel pointed out that even though **Wolfe** rendered mandatory-minimum sentences under section 9718 unconstitutional, **Alleyne** does not apply retroactively to cases on collateral review pursuant to **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016).

On September 20, 2016, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 on the basis that the petition was untimely filed, and the court lacked jurisdiction to consider it. Appellant filed a response, and on November 1, 2016, the PCRA court dismissed the petition and permitted counsel to withdraw. This appeal followed.[2]

Before we can examine Appellant's substantive claims, we must determine whether the filing of his PCRA petition was timely. **See**, **e.g.**,

---

[2] The PCRA court concluded that Appellant has waived all issues on appeal because he failed to file timely his concise statement of errors complained of on appeal. Specifically, the PCRA court points to the postmark on the envelope containing the statement, which is dated December 20, 2016, and is therefore one day beyond the 21 days provided for in the PCRA court's November 28, 2016 order. The PCRA court concluded that because Appellant did not provide a "cash slip or any other supporting documentation that he timely mailed the [p]etition," it was in its discretion to deem the filing untimely. PCRA Court Opinion, 3/13/2017, at 1 n.1. As we discuss *infra*, Appellant's PCRA petition was filed untimely with no applicable exception; accordingly, we decline to address the issue of whether Appellant's Pa.R.A.P. 1925(b) statement was filed timely.

*Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)) ("'[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'").

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that a timeliness exception is met, and raises that claim within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b)(1) and (2). Here, Appellant's judgment of sentence became final in 2009. Therefore, Appellant's 2015 petition is facially untimely, and the PCRA court had no jurisdiction to entertain the petition unless Appellant pled and offered proof of one or more of the three statutory exceptions to the time-bar. 42 Pa.C.S. § 9545(b)(1).

Although Appellant raised the newly-discovered-facts exception in his petition, he makes no argument in his brief in support of this exception or any other exception. Appellant appears to assert his petition is timely because his sentence is illegal pursuant to *Alleyne* and its progeny. However, our Supreme Court has held that *Alleyne* does not apply retroactively to cases on collateral review. *Washington*, 142 A.3d at 820 ("*Alleyne* does not apply retroactively to cases pending on collateral review[.]").

- 4 -

Because Appellant's PCRA petition was untimely filed, and Appellant was unable to plead and prove an exception to the time-bar, the PCRA court properly dismissed Appellant's petition for lack of jurisdiction. Accordingly, we affirm the PCRA court's November 1, 2016 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2017